IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL BANCHICH,

        Petitioner,                    No.  2:11-cv-0336 GEB KJN P

    vs.

RAUL LOPEZ,

        Respondent.              ORDER

_____/

I. Introduction

        Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 2007 prison disciplinary conviction for participating in a mass disturbance in violation of California Code of Regulations Title 15, section 3005(a).  Petitioner was assessed 90 days of time credits for this conviction.[1]

        In the petition form, petitioner claims his due process rights were violated by:  1) the hearing officer's alleged insertion of "the specter of organized crime and the mafia" into the hearing, and the alleged erroneous admission of gang and mafia testimony and allegations; 2) the

---

[1] Petitioner was also restricted from yard access for 90 days, lost canteen privileges for 90 days, referred to the Institutional Classification Committee for assessment of a SHU term, and assessed "a point of evidence towards validation as an associate/member of the Mexican Mafia/EME."  (Dkt. No. 1 at 10.)

1

hearing officer allegedly finding plaintiff guilty by association; 3) the alleged refusal to allow witness testimony for the defense; and 4) the hearing officer's alleged citation to, and reliance on, extrinsic act and cumulative evidence. (Dkt. No. 1 at 4-5.)

After carefully considering the record, the court finds that respondent's motion to dismiss is granted, but petitioner is granted leave to file an amended petition.

## II. Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

## III. Discussion

This court has jurisdiction to consider habeas petitions where the petitioner is "in custody pursuant to the judgment of a State court" and alleges that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A writ of habeas corpus is not limited to immediate release from unlawful confinement, but rather is available to attack future confinement and obtain future releases. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); see also Toussaint v. McCarthy, 801 F.2d 1080, 1096 n.14 (9th Cir. 1986)[2] ("To the extent that defendants may from time to time deny the credits due under sections 2931 and 2933, without affording a prisoner due process of law, that prisoner may obtain habeas corpus relief."). A prisoner may challenge a prison disciplinary conviction by petition for writ of habeas corpus if the conviction resulted in the loss of good time credits because credits impact

---

[2] Toussaint was abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

the duration of the prisoner's confinement.  Preiser, 411 U.S. at 487-88 (suit seeking restoration of good time credits was "within the core of habeas corpus in attacking the very duration of their physical confinement itself").  In dicta, the court in Preiser noted that such a challenge is permissible even if restoration of the credits would not result in the prisoner's immediate release from prison.  Id.

Habeas jurisdiction exists where expungement of a prison disciplinary record is "'likely to accelerate the prisoner's eligibility for parole.'"  Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (quoting Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)); see also Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) ("[T]he potential relationship between [petitioner's] claim and the duration of his confinement is undeniable.  In such a case, we are reluctant to unnecessarily constrain our jurisdiction to entertain habeas petitions absent clear indicia of congressional intent to do so."); Maxwell v. Neotti, 2010 WL 3338806 (S.D. Cal. July 15, 2010) (habeas action appropriately brought where the petitioner sought expungement of a rules violation report, reversal of his disciplinary conviction and dismissal of charges).  "[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court."  Docken, 393 F.3d at 1031.

Pursuant to California Code of Regulations § 2402(a), the Board of Prison Hearings ("BPH") is required to determine petitioner's suitability for parole by considering:  his "involvement in other criminal misconduct which is reliably documented;" his "behavior before, during, and after the crime;" and whether he "has engaged in serious misconduct in prison or jail."  Cal. Code Regs. tit. 15, § 2402(b), (c)(6) (2010).  Institutional behavior is given additional consideration because "[i]nstitutional activities indicate an enhanced ability to function within the law upon release."  Id., § 2402(d)(9).  Therefore, the BPH is required to consider petitioner's prison disciplinary record in determining his suitability for parole.

Respondent argues habeas jurisdiction is lacking because petitioner is serving an

indeterminate sentence, has long passed his minimum eligible parole date, and thus petitioner's challenge will not necessarily shorten petitioner's sentence because the BPH considers myriad other factors in parole decisions. Respondent contends that the good time credits initially assessed were subsequently restored. Respondent also argues that petitioner failed to state a claim for relief as to any challenge concerning gang validation or points toward gang validation.

Petitioner does not dispute that the good time credits were restored. Rather, petitioner contends that the prison disciplinary, as well as the allegedly biased allegations of petitioner's purported gang association and/or membership, has, and will continue to, prejudice petitioner's parole consideration. Petitioner argues that his sentence has already been, and will continue to be, extended at each future parole hearing based on this prison disciplinary. With his opposition, petitioner provided a portion of the hearing transcript from the 2008 parole hearing, at which petitioner sought to continue parole consideration, as well as the "Face Sheet" from the October 22, 2009 parole hearing.

As noted by respondent, petitioner failed to provide a copy of the transcript from the 2009 parole hearing. Petitioner provided a copy of the face sheet relating the 2009 BPH decision, but the face sheet states that the BPH recommended that petitioner sustain "No more 115's or 128A's." (Dkt. No. 16 at 75.) This face sheet does not provide the detailed facts that may or may not support petitioner's position that the BPH relied on the prison disciplinary in denying parole, or to assist the court in determining whether or not petitioner's claim is too speculative to state a cognizable habeas claim.

In the petition, petitioner also claims he was assessed "a point of evidence towards validation as an associate/member of the Mexican Mafia/EME," citing Exhibit C at page 7. (Dkt. No. 1 at 19.) As noted by respondent, petitioner failed to append any such exhibit C to the petition. However, petitioner provided an Exhibit C with his opposition. (Dkt. No. 16 at 10-21.) The assessment of "a point of evidence" toward gang validation was not included in the disposition from the prison disciplinary hearing. (Dkt. No. 16 at 21.) But in the "Findings"

1 portion of the rules violation report, Lt. Statti recounts a portion of Lt. Peery's entry in the CDC

2 837 Log No. HDSP-FCO-07-01-0043 (dkt. no. 16 at 17), relating events from January 16 and 17,

3 2007, and which states, in pertinent part:

> As a result, the mass disturbance demonstrated by the Southern Hispanic population could not have occurred and/or have been initiated without express approval / authority of the governing body house on Facility C upper yard known as the MESA. As the MESA is recognized to be subservient to the Mexican Mafia / EME, an action of this magnitude could only have occurred under the authority of the Mexican Mafia / EME. By participating and/or contributing in this mass disturbance, the Southern Hispanic inmates are demonstrating their allegiance to the Mexican Mafia / EME. Therefore, *this action shall be used as a point of evidence towards validation as an associate / member of the Mexican Mafia /EME. . .*"

(Dkt. No. 16 at 18-19, emphasis added.) Because the reference to gang validation was not included in the disposition from the rules violation report, and petitioner has provided no further documentary evidence concerning this issue, respondent could not substantively address this issue, and the court cannot determine whether petitioner actually sustained a point of evidence towards gang validation. Petitioner does not address this issue in his opposition. Rather, petitioner argues that the references to gangs and the mafia in the rules violation report are "malicious, unfounded, and irrelevant," and that petitioner has not been formally charged with gang activity. (Dkt. No. 16 at 2.) In light of petitioner's opposition, it is unclear whether petitioner is abandoning his claim that he was assessed a point of evidence toward gang validation.

Accordingly, the court grants respondent's motion to dismiss but also grants petitioner leave to file an amended petition.

In the reply,[3] respondent argues that even without the 2009 parole hearing

---

[3] On July 28, 2011, petitioner filed a response to respondent's reply, complaining that the reply was filed "in contravention to court procedure," and offering petitioner's responses to respondent's reply. (Dkt. No. 18.) However, petitioner is mistaken. Local Rule 230(l) provides

transcript, petitioner's claim is too speculative to warrant relief. (Dkt. No. 17 at 2.) "Courts within the Ninth Circuit have not responded uniformly to this issue." Morris v. Haviland, 2011 WL 3875708, *3 (E.D. Cal. Sept. 1, 2011). The Court of Appeals for the Ninth Circuit has not yet addressed these inconsistencies. While some district courts may agree with respondent's reasoning, this court does not unequivocally agree. See Davis v. Haviland, 2011 WL 476463 (E.D. Cal. Feb. 4, 2011) (where it is unclear whether expungement of the challenged disciplinary convictions would be likely to accelerate petitioner's eligibility for parole, petitioner should be granted leave to amend.) Without a copy of the transcript from the 2009 hearing, this court cannot determine whether expungement of the challenged disciplinary conviction would likely accelerate petitioner's eligibility for parole. Therefore, although the motion to dismiss will be granted, petitioner is granted leave to file an amended habeas petition. If petitioner elects to file an amended petition, he should clarify the nature of his claims and include all information supporting his contention that the expungement of the prison disciplinary conviction he seeks to challenge in this action would be "likely to accelerate" his eligibility for parole. See Bostic, 884 F.2d at 1269. In this regard, petitioner must provide a copy of the transcript from the 2009 parole hearing.[4] Moreover, if petitioner intends to re-plead his challenge concerning the alleged assessment of a "point of evidence" toward gang validation, petitioner should provide any other documentary evidence demonstrating petitioner has sustained such a point.

        Finally, petitioner is not required to re-submit the exhibits appended to the June 27, 2011 opposition. Rather, petitioner may ask the court to attach a copy of the previously-provided exhibits to the amended petition.

---

for the filing of a motion, an opposition, and a reply. There is no provision for the filing of a response to the reply; thus, the court disregards petitioner's July 28, 2011 filing.

[4] In petitioner's opposition, petitioner states that he was unable to append exhibits to his petition because he "has been on constant and continual lockdown status since March 2, 2010, and has only recently (June 21, 2011) been afforded access to prison law library and photocopy services." (Dkt. No. 16 at 3.) Petitioner is cautioned that he should seek court intervention if he is unable to obtain a copy of the 2009 parole hearing transcript.

IV. Conclusion

Accordingly, for all of the above reasons, IT IS HEREBY ORDERED that:

1. Respondent's May 3, 2011 motion to dismiss (dkt. no. 13) is granted;

2. Petitioner's application for a writ of habeas corpus is dismissed with leave to amend; and

3. If petitioner wishes to continue to pursue habeas relief, petitioner shall file an amended petition for a writ of habeas corpus in this action which addresses the matters discussed above within thirty days of the date of this order. Failure to timely file an amended petition will result in a recommendation that this action be dismissed.

DATED: January 6, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/banc0336.mtd