1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10 PAUL BANCHICH,

11           Petitioner,              No. 2:11-cv-0336 GEB KJN P

12      vs.

13 RAUL LOPEZ, Warden,

14          Respondent.         <u>ORDER</u>

15 _____/

16           Petitioner is a state prisoner proceeding without counsel.  On August 29, 2012,

17 petitioner filed a motion to grant the petition based on respondent's alleged failure to file a

18 response to the amended petition.  On September 13, 2012, petitioner filed a second motion to

19 grant the petition as uncontested by respondent.  It appears petitioner seeks entry of default

20 judgment based solely on respondent's alleged late filing.

21           However, on August 28, 2012, the court granted respondent's *nunc pro tunc*

22 extension of time to file a response to the petition, and directed respondent to file a responsive

23 pleading on or before August 30, 2012.  On August 30, 2012, respondent timely filed a motion to

24 dismiss pursuant to the court's August 28, 2012 order.  Therefore, respondent's filing was timely,

25 and petitioner's motions are without merit.  Moreover, the failure of the State to file a timely

26 response to the claims in a habeas corpus petition does not entitle petitioner to default judgment.

1

1   Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); see also Bleitner v. Welborn, 15 F.3d 652,

2   653 (7th Cir. 1994) (respondent's failure to timely respond to petition does not entitle petitioner

3   to default); United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974) (holding that

4   default judgment is not an appropriate remedy for a state's failure to answer a habeas corpus

5   petition); Bermudez v. Reid, 733 F.2d 18 (2nd Cir. 1984) (failure of state attorney general to

6   comply with court's order to respond not a justification for entering default judgment in favor of

7   petitioner).  Thus, regardless of whether respondent was delinquent in responding to the court's

8   orders, the court is obligated to hear the case on the merits.

9            Respondent filed a motion to dismiss on August 30, 2012.  Local Rule 230(l)

10  provides in part:  "Failure of the responding party to file written opposition or to file a statement

11  of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."

12  In light of the pendency of petitioner's motions, petitioner is granted until October 15, 2012, in

13  which to file an opposition to respondent's motion to dismiss.

14           Accordingly, IT IS HEREBY ORDERED that:

15           1.  Petitioner's August 29, 2012 motion (dkt. no. 35) is denied;

16           2.  Petitioner's September 13, 2012 motion (dkt. no. 40) is denied; and

17           3.  Petitioner shall file an opposition to the August 30, 2012 motion to dismiss on

18  or before October 15, 2012.  Respondent's reply shall be filed seven days thereafter.

19  DATED:  September 18, 2012

20

21                                          _____
                                            KENDALL J. NEWMAN
22                                          UNITED STATES MAGISTRATE JUDGE

23  banc0336.def

24

25

26

                                            2