IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL BANCHICH,

    Petitioner,                    No. 2:11-cv-0336 GEB KJN P

    vs.

RAUL LOPEZ,

    Respondent.                FINDINGS AND RECOMMENDATIONS

                           /

I. Introduction

        Petitioner is a state prisoner, proceeding without counsel, with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss the amended habeas petition as barred by the statute of limitations, or, in the alternative, on the grounds that petitioner failed to state a federal claim for relief.  For the reasons set forth below, respondent's motion to dismiss should be granted.

II. Legal Standards

        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

1

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner is serving an indeterminate life sentence with the possibility of parole for a 1993 attempted murder conviction. (Dkt. No. 1 at 1.) Petitioner's minimum eligible parole date was September 29, 2005. (Dkt. No. 36-2.)

2. On January 17, 2007, petitioner was involved in an organized mass disturbance resulting in staff having to perform numerous cell extractions. (Dkt. No. 16[1] at 7-21.) On

////

---

[1] Some of the exhibits referred to by petitioner in the amended petition were not attached to the amended petition, but were attached to his opposition to the May 3, 2011 motion to dismiss (dkt. no. 16).

March 1, 2007, petitioner was found guilty of the disciplinary charge and assessed a ninety day forfeiture of credits. (Dkt. No. 16 at 13-21.)

       3. Petitioner challenged the prison disciplinary through the prison's administrative appeal process in appeal HDSP-07-01657. (Dkt. No. 16 at 23-27.) On December 30, 2007, the administrative appeal was denied at the Director's Level, exhausting the administrative appeal process. (Dkt. No. 16 at 31-34.)

       4. On August 31, 2009, petitioner filed a petition for writ of habeas corpus in the Lassen County Superior Court[2] challenging the disciplinary conviction on the grounds that it was not supported by the evidence. (Dkt. No. 36-3 at 2-11.) The Lassen County Superior Court denied the petition in a reasoned decision on October 28, 2009. (Dkt. No. 36-9.)

       5. On December 20, 2009, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (Dkt. No. 37 at 1-10.) The Court of Appeal denied the petition without comment on January 7, 2010. (Dkt. No. 37-4 at 2.)

       6. On August 8, 2010,[3] petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Dkt. No. 38 at 2-11.) On December 21, 2010, the California Supreme Court denied the petition without comment. (Dkt. No. 38-5 at 2.)

       7. On January 31, 2011, pursuant to Rule 3(d) of the Federal Rules Governing Section 2254 Cases, the instant action was constructively filed. (Dkt. No. 1 at 23.)

////

---

[2] Petitioner's state court habeas petitions are given benefit of the mailbox rule by using the date set forth on petitioner's proof of service. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

[3] Respondent used the date of September 19, 2010. (Dkt. No. 36 at 4.) The petition, the prayer for relief page, and the proof of service all bear three dates: May 18, 2010, August 8, 2010, and September 19, 2010. (Dkt. No. 38 at 9-11.) However, the cover sheet of the petition bears a "Received September 13, 2010 Clerk Supreme Court" stamp, and was filed by the Supreme Court Clerk on September 22, 2010. (Dkt. No. 38 at 2.) In an abundance of caution, yet recognizing that the California Supreme Court could not have received the filing earlier than it was mailed, the court applies the August 8, 2010 date of mailing.

IV. <u>Statutory Tolling</u>

Where, as here, the petition contests an adverse state administrative decision of a prison disciplinary proceeding rather than a state court judgment, section 2244's one-year limitation period still applies and the date the statute of limitations begins to run is determined under subparagraph (D) of § 2244(d)(1) -- the date when the factual predicate of the claim could have been discovered by the petitioner through the exercise of due diligence. In prison disciplinary matters, this date is typically the date the prison disciplinary decision becomes final on administrative review. See <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1063-66 (9th Cir. 2004) (AEDPA's limitation period applies "even if the petition challenges a pertinent administrative decision rather than a state court judgment," and the factual predicate under § 2244(d)(1) (D) is the date the state prisoner received notice that his administrative appeal challenging the revocation of good time credits was denied); <u>see also</u> <u>Redd v. McGrath</u>, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when parole board denied prisoner's administrative appeal challenging the board's decision that he was unsuitable for parole).

Here, petitioner's administrative appeal was denied on December 30, 2007. Thus, the one year statute of limitations began to run on December 31, 2007, and expired on December 31, 2008. Petitioner did not file his first state court habeas petition until August 31, 2009, after the statute of limitations period had expired. The filing of a state habeas petition after the limitations period expired cannot revive the statute of limitations, and has no tolling effect. <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003); <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001) (where petitioner filed his state post-conviction relief petition after AEDPA statute of limitations period expired, delay results in absolute time bar.) Therefore, none of petitioner's collateral challenges serve to toll the limitations period because all were filed after the limitations period expired.

Petitioner does not argue that the petition was timely filed; rather, he argues that respondent is barred from raising the statute of limitations defense based on the prior May 3,

4

2011 filing by respondent. Petitioner appears to argue that the May 3, 2011 filing was an answer.

> As a general matter, a defendant forfeits a statute of limitations defense not asserted in its answer or in an amendment thereto. See Fed. Rules Civ. P. 8(c), 12(b), and 15(a) (made applicable to federal habeas proceedings by Rule 11 of the Rules governing such proceedings).

Day v. McDonough, 547 U.S. 198, 199 (2006).

Here, however, respondent has not yet filed an answer. A motion to dismiss is not a pleading, but a motion. Fed. R. Civ. P. 7(a), (b). Petitioner filed an amended petition, and, rather than file an answer, respondent chose to file the instant motion to dismiss. Thus, respondent did not waive the statute of limitations defense, and the motion was properly filed.

Accordingly, for the reasons discussed above, respondent's motion to dismiss petitioner's claim challenging the March 1, 2007 prison disciplinary is barred by the statute of limitations.

V. Later Triggering Date -- Factual Predicate

Although petitioner does not make this argument, respondent points out that petitioner's exhibits appear to support an argument that petitioner did not receive notice of the Director's Level of Review until 2009. (Dkt. No. 36 at 5, citing Dkt. No. 16 at 50-59.) On December 23, 2008, petitioner wrote to the Chief of the Inmate Appeals Branch ("IAB"), indicating that he submitted an appeal in June of 2007, was twice requested to provide additional documents to support his appeal, which he did, but that he had "not been notified . . . as to the status of appeal." (Dkt. No. 16 at 50.) On January 30, 2009,[4] the IAB provided petitioner with a copy of his appeal history. (Id. at 55-56.) The appeal history reflected that petitioner's appeal HDSP-07-01657 was denied on December 30, 2007. (Id. at 56.) Some time prior to February

---

[4] The court does not have benefit of the actual date that petitioner received the January 30, 2009 letter from IAB. Petitioner was housed at High Desert State Prison ("HDSP") in Susanville during his correspondence with IAB in Sacramento. However, even if petitioner received the letter a week later, the additional time would not change this court's analysis, based on lengthy delays between the filing of petitioner's first state court petition, as well as between the denial by the state appellate court and petitioner's filing in the California Supreme Court.

5

13, 2009, petitioner wrote the IAB and requested return of the original appeal and supporting documents. (See id. at 57.) On March 3, 2009, the IAB wrote petitioner, noting his request for return of the original appeal and the over 200 pages of evidentiary documents submitted therewith, but stating that his appeal and documents were mailed to petitioner shortly after December 30, 2007, addressed to petitioner at HDSP. (Id. at 57.) Petitioner was informed he would have to submit a trust account withdrawal form to cover photocopying and mailing if petitioner wished to be sent a second copy. (Id.) On March 19, 2009, petitioner wrote to the IAB, informing them that he did not receive a copy of the third level decision, and asked for the IAB to provide him with a copy. (Id. at 52.) On April 27, 2009, the IAB reiterated its instructions from the March 3, 2009 letter, and warned petitioner that it would not respond to further inquiries absent submission of the trust account withdrawal form. (Id. at 58.) On April 27, 2009, petitioner wrote to the IAB again, indicating he had not received his appeal and supporting documents, and asked that he be provided such documents. (Id. at 54.) On May 12, 2009, the IAB noted petitioner's May 4, 2009 request, and receipt of the trust account withdrawal form, and provided petitioner a copy of the appeal. (Id. at 59.)

Under section 2244(d) (1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan, 254 F.3d at 1154 n.3.

Here, petitioner submitted his appeal for third level review in June of 2007, but did not inquire as to the status of the appeal until December 23, 2008, over a year and a half later. Petitioner does not explain why he waited such a long time before inquiring as to the status of his appeal. Moreover, a year and a half delay does not constitute diligence. See Hasan, 254 F.3d at 1154-55.

But even assuming, *arguendo*, that petitioner did not learn the factual predicate of his claim until shortly after January 30, 2009, when the IAB sent him the history of his appeals and he learned the third level appeal was denied, the instant petition is time-barred.

6

While a petitioner is pursuing a round of state collateral relief, he is entitled to tolling during the intervals between his state petitions (i.e., from the date of the denial of a petition in one court to the filing date of a subsequent petition in a higher court, also known as "gap tolling") if the petitions were timely filed under state law. Evans v. Chavis, 546 U.S. 189, 191 (2006). In California, timeliness depends on whether the subsequent state petition was filed within a "reasonable time." Id. at 192 (citing In re Harris, 5 Cal. 4th 813, 828 n.7, 21 Cal. Rptr. 2d 373 (1993)). In Evans, the Supreme Court held that when a California court rejects a petition without any indication as to its timeliness, even if the denial is based "on the merits," the federal court must conduct its own inquiry to determine whether it was timely filed. Evans, 546 U.S. at 197-98. However, when the state court offers a "clear indication that a particular request for appellate review was timely or untimely," no such inquiry on the part of the federal court is necessary. Id. If a state petition was not timely filed, it was not "properly filed" for AEDPA purposes, and does not trigger statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 414, 417 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").

Here, the statute of limitations period began to run on January 31, 2009 (or perhaps a few days later allowing for mail delivery of the January 30, 2009 IAB communication). Petitioner waited 212 days before filing his first petition in state court on August 31, 2009. The statute of limitations period was then tolled through October 28, 2009, when the state court denied the petition. On December 20, 2009, petitioner filed his petition for writ of habeas corpus in the state appellate court, which was 53 days after the state superior court denied petitioner's first petition. Because this gap in filing was reasonable under Evans, petitioner is entitled to statutory tolling from August 31, 2009, until January 7, 2010, when the petition was denied by the state appellate court.

However, petitioner then waited 213 days, until August 8, 2010, to file his petition in the California Supreme Court. This 213 day delay far exceeds the periods of delay that courts

have found reasonable under Evans.  Compare Thomas v. Gipson, 2013 WL 144249 (E.D. Cal. Jan. 11, 2013) (194 day delay unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (delays of 115 and 101 days unreasonable); Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir. 2010) (delay of 146 days unreasonable); with Reddick v. Felker, 2008 WL 4754812 *3 (E.D. Cal. Oct.29, 2008) (64 day delay not "substantially" greater than sixty days); Payne v. Davis, 2008 WL 941969 *4 (N.D. Cal. Mar. 31, 2008 (63-day delay "well within the 'reasonable' delay of thirty to sixty days in Evans" ).  Moreover, petitioner's 213 day delay far exceeds delays found reasonable when the subsequent habeas petition is substantially rewritten.  Osumi v. Giurbino, 445 F.Supp. 2d 1152, 1158-59 (C.D. Cal. 2006) (3 month delay not unreasonable given lengthy appellate briefs and petitioner's substantial re-writing of habeas petition following denial by superior court); Stowers v. Evans, 2006 WL 829140 (E.D. Cal. 2006) (87-day delay not unreasonable because second petition was substantially re-written); Warburton v. Walker, 548 F.Supp.2d 835, 840 (C.D. Cal. 2008) (69-day delay reasonable because petitioner amended petition before filing in Court of Appeal).  In any event, the petition filed in the California Supreme Court was not substantially re-written; rather, the petition was very similar to the petition filed in the state appellate court.  (Compare Dkt. No. 37 at 1-10 to Dkt. No. 38 at 2-11.)

Because petitioner's 213 day delay was unreasonable, petitioner is not entitled to tolling for the interval between the denial by the state appellate court, and petitioner's filing in the California Supreme Court.

Thus, the statute of limitations began running again on January 7, 2010.  By January 7, 2010, 212 days of the limitations period had expired.  Petitioner had 153 days left to file his federal petition; his federal petition was due on or before June 9, 2010.  Petitioner's August 8, 2010 petition filed in the California Supreme Court was filed after the limitations period expired, and had no tolling effect.  Ferguson, 321 F.3d at 823.  Petitioner's federal petition was filed on January 31, 2011, long after the statute of limitations period expired.  Thus, the instant petition is time-barred.

1   For all of the above reasons, respondent's motion to dismiss the instant petition
2   should be granted, as the petition is barred by the statute of limitations.

VI.  Equitable Tolling

The United States Supreme Court has confirmed that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). However, to receive equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to show he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Here, the amended petition provides no basis for equitable tolling. (Dkt. No. 28.) In his amended petition, petitioner discusses being housed in administrative segregation, some of which time he was without his legal materials, for a period of 63 days. (Dkt. No. 28 at 4.) However, this alleged deprivation occurred in early 2012 (id.), long after the statute of limitations period expired, and the instant petition was filed. Moreover, petitioner did not address the issue of equitable tolling in his opposition to the motion, and alleged no facts that would support such a claim. (Dkt. No. 45.) Thus, petitioner failed to demonstrate that he is entitled to equitable tolling.

////

VII. <u>Alternative Grounds</u>

Because the undersigned finds that the petition is time-barred, the court does not address respondent's alternative argument that the petition fails to state a federal claim for relief.

VIII. <u>Conclusion</u>

Because this action is barred by the statute of limitations, IT IS HEREBY RECOMMENDED that respondent's August 30, 2012 motion to dismiss (dkt. no. 36) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 8, 2013

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

banc0336.mtd